UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY F. AND PAT C. VILLAFRANCA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MATHIAS KAAYA and JACINDA STERLING,<br><br>Defendants. | No. 2:18-cv-02907-TLN-DB<br><br>ORDER |

This matter is before the Court pursuant to Defendant Jacinda Sterling's ("Sterling") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court REMANDS the action to the Sacramento County Superior Court.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 21, 2018, Plaintiff Anthony F. And Pat C. Villafranca Trust, ("Plaintiff") filed an unlawful detainer action in Sacramento County Superior Court. (Not. of Removal, ECF No. 1 at 10.) On November 2, 2018, Sterling filed a Notice of Removal, alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1441. (ECF No. 1 at 2 ¶ 5.) Sterling included copies of the complaint, attorney verification, and notice of stay, but not any other documents, such as attachments to the complaint or proof of service of the complaint. (ECF No. 1 at 10–15.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Title 28 U.S.C. § 1446 requires a defendant removing a civil action from a state court to a district court to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1446(a).

Section 1446 also requires that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## III. ANALYSIS

Sterling did not include the required documents in the filing. A defendant must include with the removal notice copies of all process, pleadings, and orders with which the defendant had been served. 28 U.S.C. § 1446(a). The state court complaint references 11 pages of attachments, (ECF No. 1 at 12 ¶ 18), which Sterling did not provide with the notice of removal.

Further, the Court has not been provided with documentation that all defendants have joined or consented to the removal of this action, as required. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "A defendant or

defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure…." 28 U.S.C. § 1446(a).  The caption of both the state court case and the removal notice name two defendants, Sterling and Mathias Kaaya.  (ECF No. 1 at 1 & 10.)  Only Sterling signed the removal notice. (ECF No. 1 at 8.)  A party may only represent himself and manage his own case in federal court. 28 U.S.C.A. § 1654.  "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Sterling, a *pro se* litigant who does not purport to be licensed to practice law in California and lists her occupation as "homemaker", (ECF No. 2 ¶ 2), may not represent or file on behalf of any co-defendants.

Sterling has not met the removing party's burden of showing that jurisdiction before this Court is proper.  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby REMANDS this action to the Sacramento County Superior Court.  The Court has reviewed Sterling's motion for in forma pauperis status (ECF No. 2), and finds Sterling meets the requisite standard.  The Court GRANTS Sterling's motion for in forma pauperis status, (ECF No. 2).

IT IS SO ORDERED.

Dated: November 2, 2018

                                                        Troy L. Nunley
                                                        United States District Judge